FILED
United States Court of Appeals
Tenth Circuit

June 18, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

JAMES SPRINGER,

    Plaintiff - Appellant,

v.

SEVENTH JUDICIAL DISTRICT COURT, et al.,

    Defendants - Appellees.

No. 24-2087
(D.C. No. 1:23-CV-00499-MIS-JMR)
(D. N.M.)

---

**ORDER**

---

This matter is before the court sua sponte upon the filing of appellant James Springer's docketing statement and a review of the district court docket. That review has revealed a potential defect in this court's appellate jurisdiction. Specifically, the order Mr. Springer seeks to appeal does not appear to be a final decision. As a result, the court is considering this appeal for summary disposition. *See* 10th Cir. R. 27.3(B).

Generally, this court's jurisdiction is limited to review of final decisions. 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). "An order that . . . sets the stage for further trial court proceedings is not final." *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017).

Here, Mr. Springer seeks to appeal an order of the district court that dismissed his second amended complaint, but also explicitly granted him leave to file a third amended complaint. (ECF No. 114 at 19, ¶ 6 ["Plaintiff shall have **FOURTEEN DAYS** within which to file a Third Amended Complaint…."].) Given that the order Mr. Springer seeks to appeal contemplates further litigation in the trial court, it appears to be an order that "sets the stage for further trial court proceedings" and therefore does not appear to be a final order.

It does not appear that the district court has entered any order that has ended this litigation on the merits. Rather, it appears that this action remains pending, and the district court case remains ongoing. Given the apparent lack of finality, it does not appear that appellate jurisdiction exists.

Accordingly, **on or before July 9, 2024**, Mr. Springer may file a written response to this order setting forth any basis in law or fact for this court to exercise appellate jurisdiction over this appeal.

Alternatively, Mr. Springer may file a motion to voluntarily dismiss this appeal under Federal Rule of Appellate Procedure 42.

Or, Mr. Springer may choose not to respond to this order. If Mr. Springer chooses not to respond to this order on or before July 9, 2024, the court will dismiss this appeal without any additional notice. *See* 10th Cir. R. 42.1. The dismissal of this appeal will not preclude a timely appeal from a final judgment or otherwise appealable order at a later date.

Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk