# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

| | |
|---|---|
| JAMES SPRINGER<br><br>    Plaintiff – Appellant,<br><br>v.<br><br>SEVENTH JUDICIAL DISTRICT COURT, MERCEDES MURPHY, SHANNON MURDOCK-POFF, JASON JONES, and SUSAN ROSSIGNOL,<br><br>    Defendants – Appellees. | No. 24-2087<br>(D.C. No. 1:23-CV-00499-MIS-JMR)<br>(D. N.M.) |

_____

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO JUNE 18, 2024 ORDER
_____

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon Murdock-Poff, Jason Jones, and Susan Rossignol (collectively "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and state the following for their Reply to Plaintiff's Response to the Order entered on June 18, 2024:

# INTRODUCTION

Plaintiff seeks to appeal the *Order Dismissing Second Amended Complaint* ("Dismissal Order") (ECF No. 114). The district court dismissed Counts I, II, and III with prejudice to the extent they sought injunctive relief and a declaratory judgment regarding past liability, (*id*. at 18, ¶ 1), and dismissed Counts I, II, and III without prejudice to the extent they sought prospective declaratory relief regarding the constitutionality of Chief Judge Murphy's Administrative Order and Amended Administrative Order. (*Id*. at 18, ¶ 2). Count IV was dismissed without prejudice for lack of subject matter jurisdiction, (*id*. at 19, ¶ 3) because it was barred by Eleventh Amendment immunity. (*Id*. at 18). Although the Dismissal Order granted Plaintiff leave to file a third amended complaint (*id*. at 19, ¶ 6), Plaintiff asserts that he did not file an amended complaint by the June 14, 2024 deadline, thus rendering the district court's decision final. *Memorandum in Opposition to Dispositional Order* at 2, June 18, 2024. Defendants, relying upon Plaintiff's assertion of finality due to his failure to amend, concur that appellate jurisdiction exists.

# LEGAL ANALYSIS

The courts of appeals are granted jurisdiction by statute over "appeals from…final decisions of the district courts of the United States." 28 U.S.C. § 1291. That a dismissal was without prejudice does not necessarily make it non-final under

section 1291. *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794, 69 S. Ct. 824, 93 L. Ed. 1042 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable"); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979) ("A case dismissed without prejudice may or may not be a final appealable order, depending upon the circumstances.").

"Aside from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from 'final decisions…'") Rekstad v. First Bank Sys., Inc., 238 F.3d 1259, 1261 (10th Cir. 2001) (emphasis omitted) (quoting 28 U.S.C. § 1291). For example, finality was found in cases where complaints were dismissed based on: federal preemption, *Airparts Co., Inc. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir. 1994); abstention, *Robert-Gay Energy Enters., Inc. v. State Corp. Comm'n of Kan.*, 753 F.2d 857, 859 (10th Cir. 1985); lack of personal jurisdiction, *Sherman v. Am. Fed'n of Musicians*, 588 F.2d 1313, 1314-15 (10th Cir. 1978); lack of subject matter jurisdiction, *Jicarilla Apache Tribe v. United States*, 601 F.2d 1116, 1124 (10th Cir. 1979); lack of a cognizable property interest for purposes of the Due Process Clause, *Chavez v. City of Santa Fe Hous. Auth.*, 606 F.2d 282, 283 (10th Cir. 1979); failure to timely exhaust administrative remedies, *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979); and unripeness, *Landmark Land Co. of Okla., Inc. v. Buchanan*, 874 F.2d 717, 719-20 (10th Cir. 1989), abrogated on other grounds by *Federal Lands Legal Consortium v. United*

*States*, 195 F.3d 1190 (10th Cir. 1999). In those cases, the district determined that the actions could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make. Therefore, the dismissals practically were final decisions.

In cases where a district court dismissed a complaint because the Eleventh Amendment barred the plaintiff's claims, the dismissal was final and appealable because "a determination that the Eleventh Amendment was applicable sounded the 'death knell' of the litigation in federal court." *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978). Here, the district court dismissed Count IV of Plaintiff's Complaint because the Eleventh Amendment applied. (ECF No. 114 at 18). Even though Count IV was dismissed without prejudice, the applicability of Defendants' Eleventh Amendment immunity renders the dismissal final and appealable.

When a plaintiff fails to timely file an amended complaint, the case can be dismissed without prejudice pursuant to Rule 41(b) for noncompliance with the court's order directing her to file an amended complaint, and for failure to prosecute. *See, e.g. Manbeck v. FNU LNU*, No. 22-2052-JAR-RES, 2023 U.S. Dist. LEXIS 64446, at *3 (D. Kan. Apr. 12, 2023) (dismissing case use Rule (41(b) for failure to comply with deadline to amend complaint and for failure to prosecute). To the extent that the Order Dismissing Second Amended Complaint may not have been final as

to Counts I, II, and III because Plaintiff had leave to amend his complaint, Plaintiff's actions demonstrate that Plaintiff considers the Order Dismissing Second Amended Complaint to be a final decision. He has not complied with the June 14, 2024 deadline to amend his complaint and is not prosecuting this matter outside the instant appeal. Plaintiff's Memorandum further indicates that Plaintiff will not avail himself to the opportunity to amend his complaint and does not expect any further action from the district court except to execute judgment dismissing this matter. Although Plaintiff could have allowed the deadline to amend to expire and then waited for entry of judgment, he has chosen not to do so and is treating the Order Dismissing Second Amended Complaint as a final decision. In this circumstance, the dismissal of Plaintiff's claims without prejudice was a final decision; and this Court has jurisdiction to hear the appeal.

WHEREFORE, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon Murdock-Poff, Jason Jones, and Susan Rossignol respectfully request that this Court exercise jurisdiction over Plaintiff's appeal, and for other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**
*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin

5

*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576/(505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 8th day of July, 2024, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin